UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STACY SANCHEZ, individually and on behalf of all other persons similarly situated,<br><br>      Plaintiff,<br><br>     –against–<br><br>GANSEVOORT MANAGEMENT GROUP INC. and CARLTON NOEL CAMPBELL, jointly and severally,<br><br>      Defendants. | 12 CV 75 (BSJ) (GWG) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION

Dated: New York, New York
    August 16, 2012

LAW OFFICE OF JUSTIN A. ZELLER, P.C.
Brandon D. Sherr (BS2680)
bsherr@zellerlegal.com
Justin A. Zeller (JZ7094)
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFF**

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................................... iii

Introduction ................................................................................................................................. 1

Statement of Facts ...................................................................................................................... 1

I.   Plaintiffs Have Met the Minimal Burden Necessary for This Court to Grant Conditional Certification of a Collective Action by ................................................................................ 2

II.  The Proposed Notice Should Be Approved and Disseminated to the Putative Party Plaintiffs .................................................................................................................................. 6

    A.   Plaintiff's Proposed Notice is Fair, Accurate, and Informative ....................................... 6

    B.   Discovery of Names, Addresses, Positions and Dates of Employment ......................... 7

Conclusion .................................................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*Anglada v. Linens 'N Things, Inc.*, No. 06 CV 12901, 2007 U.S. Dist LEXIS 39105, 2007 WL 1552511 (S.D.N.Y. Apr. 26, 2007) .................................................................................. 3

*Braunstein v. Eastern Photographic Labs., Inc.*, 600 F.2d 335 (2d Cir. 1978) .............................. 3

*Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55 (S.D.N.Y. 2009) ....................................................... 4

*Dumitrescu v. Mr. Chow Enterprises, Ltd.*, No. 07 Civ. 3601 (PKL), 2008 U.S. Dist. LEXIS 49881, 2008 WL 2600667 (S.D.N.Y. June 30, 2008) ......................................................... 2

*Garcia v. Pancho Villa's of Huntington Station, Inc.*, 678 F. Supp. 2d 89 (E.D.N.Y. 2010) ......... 5

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101 (S.D.N.Y. 2003) ..................... 6

*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) ................................................... 2, 3, 6, 7

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) .................................................. 3, 4, 5

*Iglesias-Mendoza v. LaBelle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) ................................... 6

*In re Milos Litig.*, No. 08 CV 6666, 2010 U.S. Dist. LEXIS 3038, 2010 WL 199688 (S.D.N.Y. Jan. 11, 2010) ............................................................................................................................ 5

*Khalil* v. *Original Homestead Rest., Inc.*, No. 07 CV 695, 2007 U.S. Dist. LEXIS 70372, 2007 WL 7142139 (S.D.N.Y. Aug. 9, 2007) ............................................................................... 6

Krueger v. New York Tel. Co., Nos. 93 CV 178 & 179, 1993 U.S. Dist. LEXIS 9988, 1993 WL 276058 (S.D.N.Y. Jul. 21, 1993) ............................................................................................ 5

*Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008) ..................................... 4

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) ..................................................... 1

*Lee v. ABC Carpet & Home*, No. 00 CV 984, 2008 U.S. Dist. LEXIS 38725, 2008 WL 2073932 (S.D.N.Y. May 9, 2008) .................................................................................................... 7

*Lewis v. National Financial Systems, Inc.*, No. 06 CV 1308, 2007 U.S. Dist. LEXIS 62320, 2007 WL 2455130 (E.D.N.Y. Aug. 23, 2007) ........................................................................... 2

*Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) .................................. 4

*Malena v. Victoria's Secret Direct, LLC*, No. 09 CV 5849, 2010 U.S. Dist. LEXIS 121320, 2010 WL 4642443 (S.D.N.Y. Nov. 16, 2010) ................................................................................. 4

*Malloy v. Richard Fleischman & Assocs.*, No. 09 CV 322, 2009 U.S. Dist. LEXIS 51790, 2009 WL 1585979 (S.D.N.Y. June 3, 2009) ............................................................................... 4

*Masson v. Ecolab, Inc.*, No. 04 CV 4488, 2005 U.S. Dist. LEXIS 18022, 2005 WL 2000133 (S.D.N.Y. Aug. 18, 2005) ................................................................................................ 5

*Moss v. Crawford & Co.*, 201 F.R.D. 398 (W.D.Pa. 2000) ............................................................ 4

*Pefanis v. Westway Diner*, No. 08 CV 2, 2008 U.S. Dist. LEXIS 1082, 2008 WL 4546526 (S.D.N.Y. Oct. 8, 2008) ................................................................................................. 6

*Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303 (S.D.N.Y. 1998) ..................................... 4, 5

*Torres v. Gristede's Operating Corp.*, No. 04 CV 3316, 2006 U.S. Dist. LEXIS 74039, 2006 WL 2819730 (S.D.N.Y. Sept. 28, 2006) .............................................................................. 3

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) .............................................. 4

*Young v. County of Nassau*, No. 09 CV 3830, 2010 U.S. Dist. LEXIS 2471, 2010 WL 161593 (E.D.N.Y. Jan. 13, 2010) ........................................................................................... 4, 5

**Statutes**

29 U.S.C. § 216(b) (2010) ......................................................................................................... 1, 2

## INTRODUCTION

This memorandum of law is submitted by the plaintiff in support of the plaintiff's motion for conditional collective action certification pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA").

The FLSA allows claims to be brought as an opt-in collective action in which similarly situated employees may assert similar claims without having to initiate multiple individual lawsuits or plead separate claims. *See* 29 U.S.C. § 216(b) (2010). "The consent procedures of 29 U.S.C. § 216(b) require that parties affirmatively 'opt in' to [a] collective action by filing consents, and district courts have discretion to regulate notices sent to potential opt-in plaintiffs." *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 196 n.3 (S.D.N.Y. 2006). The FLSA provides for a three-year statute of limitations for willful violations. 29 U.S.C. § 216(b).

By this motion, the plaintiff asks the Court for an order: (1) conditionally certifying this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees of the defendants in the employment of the defendants any time after three years before the date of the complaint, the putative collective action members; (2) court-facilitated notice of this action to the putative collective action members; and (3) that the defendants produce the name, last known mailing address, telephone number, primary language, and dates of employment of each putative party plaintiff.

## STATEMENT OF FACTS

This lawsuit alleges that the defendants violated the FLSA and the New York Labor Law by failing to pay the defendants' employees the minimum wage and overtime, at a rate of one and one-half times the employee's hourly rate or the minimum wage without credits if the

employee's hourly rate is less than the minimum wage without credits, for hours worked longer than forty per workweek. *See* Complaint ¶¶ 1–2.

During the plaintiff's employment by the defendants, the plaintiff observed that there were numerous other employees who performed the same job duties that the plaintiff performed, worked similar hours per workweek to the plaintiff, and the defendants paid in the same manner as the defendants paid the plaintiff. Affidavit of Plaintiff in Support of Plaintiff's Motion to Conditionally Certify a Collective Action, ¶¶ 2–4.

## I. PLAINTIFFS HAVE MET THE MINIMAL BURDEN NECESSARY FOR THIS COURT TO GRANT CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION BY

Under the FLSA, employees may bring a collective action "[on] behalf . . . of themselves and other employees similarly situated." 29 U.S.C. § 216(b). In addition, "no employee shall be a party plaintiff to [a collective action] unless he gives his consent in writing … and such consent is filed in the court in which such action is brought." *Id*. The collective action procedure allows for the efficient adjudication of similar claims, so "similarly situated" employees, whose claims are often small and not likely to be brought on an individual basis, may join together to prosecute their claims. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). To participate in a collective action, an employee must affirmatively "opt-in," meaning that an individual must consent in writing to join the lawsuit and this consent must be filed with the court. *See, e.g., id.* at 168; *Lewis v. National Financial Systems, Inc.*, No. 06 CV 1308, 2007 U.S. Dist. LEXIS 62320, at *5, 2007 WL 2455130, at *2 (E.D.N.Y. Aug. 23, 2007) ("[S]ection 216(b) requires that employees affirmatively opt-in to an FLSA collective action by filing a written consent."); *Dumitrescu v. Mr. Chow Enterprises, Ltd.*, No. 07 CV 3601, 2008 U.S. Dist. LEXIS 49881, at *7, 2008 WL 2600667, at *3 (S.D.N.Y. June 30, 2008) ("[A] plaintiff must 'opt in' to the case

by signing a consent and filing it with the court, or will otherwise not be involved … [and] courts may order notice to other potential similarly situated employees to inform them of the opportunity to opt in to the case.").

The Second Circuit has long recognized that FLSA cases should, if possible, be certified as collective actions in light of "the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interests of the courts in avoiding multiplicity of suits." *Braunstein v. Eastern Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978). Court-supervised notice is also the preferred method for managing this notification process because— (a) it allows the court to set deadlines to advance the disposition of the action, and (b) it protects plaintiffs' claims from expiring under the statute of limitations. *Hoffman-LaRoche*, 493 U.S. at 172. Court-supervised notice can also obviate disputes between the parties regarding the content of the notice. *Id.* ("By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed.").

"[C]ourts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997). Since this often happens before the parties engage in formal discovery, courts allow a plaintiff to "rely[] on his or her own pleadings, affidavit, or declaration, and the affidavits or declarations of other prospective class members." *Anglada v. Linens 'N Things, Inc.*, No. 06 CV 12901, 2007 U.S. Dist LEXIS 39105, at *12, 2007 WL 1552511, at *4 (S.D.N.Y. Apr. 26, 2007). "At this juncture—also termed the 'notice stage'—the court applies a 'fairly lenient standard' and (when it does so) typically grants 'conditional certification.'" *Torres v. Gristede's Operating Corp.*, No. 04 CV 3316, 2006 U.S.

3

Dist. LEXIS 74039, at *23, 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 28, 2006) (quoting *Moss v. Crawford & Co.*, 201 F.R.D. 398, 409 (W.D.Pa. 2000)); *see also Malena v. Victoria's Secret Direct, LLC*, No. 09 CV 5849, 2010 U.S. Dist. LEXIS 121320, at *8, 2010 WL 4642443, at *4 (S.D.N.Y. Nov. 16, 2010) ("The standard for conditionally certifying a collective action is a 'lenient evidentiary standard.'" (quoting *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 58 (S.D.N.Y. 2009))).

At this stage of litigation, the court need not determine the merits of plaintiffs' claims. *See Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008) ("The standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification."); *Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("[A] court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated."); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus of this inquiry … is not on whether there has been an actual violation of law …."). Rather, under 29 U.S.C. § 216(b), plaintiffs must show only that that they and other employees "were victims of a common policy or plan that violated the law." *Hoffmann*, 982 F. Supp. at 261; *accord Malloy v. Richard Fleischman & Assocs.*, No. 09 CV 322, 2009 U.S. Dist. LEXIS 51790, at *6, 2009 WL 1585979, at *2 (S.D.N.Y. June 3, 2009) (holding that plaintiffs must make "'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" (quoting *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)). "If the court finds that the putative plaintiffs are similarly situated to the named plaintiffs, the court conditionally certifies the class and permits notice to be sent to the proposed plaintiffs." *Young v. County of Nassau*, No. 09 CV 3830, 2010 U.S. Dist. LEXIS 2471, at *4, 2010 WL 161593, at *1

4

(E.D.N.Y. Jan. 13, 2010). The action then proceeds as a collective action throughout the discovery process. *See Masson v. Ecolab, Inc.*, No. 04 CV 4488, 2005 U.S. Dist. LEXIS 18022, at *39, 2005 WL 2000133, at *13–14 (S.D.N.Y. Aug. 18, 2005).

Indeed, courts in this circuit routinely grant 216(b) certification and notice in FLSA collective actions involving restaurants. *See, e.g., Garcia v. Pancho Villa's of Huntington Station, Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) (certifying collective action and approving notice in FLSA collective action); *In re Milos Litig.*, No. 08 CV 6666, 2010 U.S. Dist. LEXIS 3038, at *1, 2010 WL 199688, at *1 (S.D.N.Y. Jan. 11, 2010) (stating that the court granted the motion for collective action certification at oral argument); *Realite*, 7 F. Supp. 2d at 306 (authorizing proposed notice in FLSA case).

Courts do not weigh the merits of the underlying claims in determining whether putative party plaintiffs are similarly situated. *See, e.g., Hoffmann*, 982 F. Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of 'similarly situated' plaintiffs can exist here."); *Krueger v. New York Tel. Co.*, Nos. 93 CV 178 & 179, 1993 U.S. Dist. LEXIS 9988, at *6, 1993 WL 276058, at *2 (S.D.N.Y. Jul. 21, 1993) ("[E]ven if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in the case."). Inasmuch as the merits of the claim are not weighed at the notice stage, a potential need for "extensive" individual discovery does not prevent notice from going out. *Masson*, 2005 U.S. Dist. LEXIS 18022, at *42, 2005 WL 2000133, at *14; *see Young*, 2010 U.S. Dist. LEXIS 2471, at *5, 2010 WL 161593, at *2 (denying request to hold briefing of proposed motion for conditional collective action certification in abeyance pending discovery); *Hoffmann*, 982 F. Supp. at 262 (deciding court

need not wait for defendant to complete its discovery or make dispositive motions before authorizing notice).

In lieu of extensive individualized discovery, courts often rely solely upon the allegations in a complaint supported by declarations to determine whether the plaintiff and potential opt-in plaintiffs are "similarly situated." *See Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003); *see also Pefanis v. Westway Diner*, No. 08 CV 2, 2008 U.S. Dist. LEXIS 1082, at *3, 2008 WL 4546526, at *2 (S.D.N.Y. Oct. 8, 2008) (certifying collective action based upon complaint and one affidavit); *Khalil* v. *Original Homestead Rest., Inc.*, No. 07 CV 695, 2007 U.S. Dist. LEXIS 70372, at *4–5, 2007 WL 7142139, at *1–2 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit); *Iglesias-Mendoza v. LaBelle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("Plaintiffs rely, as they are entitled to do at this stage of the proceedings, on the pleadings and their own declarations.").

Here, the plaintiff satisfies the burden to demonstrate a factual nexus between the plaintiff and the other former and current employees of the defendants. The complaint and the plaintiff's affidavit meets the modest factual showing that the plaintiff and the putative party plaintiffs are similarly situated as having similar duties, similar hours, and subjection to similar illegal pay practices. Therefore, the Court should conditionally certify this action as a collective action.

## II. THE PROPOSED NOTICE SHOULD BE APPROVED AND DISSEMINATED TO THE PUTATIVE PARTY PLAINTIFFS

### A. Plaintiff's Proposed Notice is Fair, Accurate, and Informative

If the named plaintiffs and potential plaintiffs are determined to be similarly situated, a district court will certify the case as a collective action, and authorize the plaintiffs to distribute a collective action notice to putative class members. *See, e.g., Hoffman-La Roche*, 493 U.S. at 170

6

("Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed.").

The plaintiff's proposed notice is an exhibit to the proposed order. The proposed notice defines the putative party plaintiffs as stated *infra* at 1. It provides clear instructions on how to opt-in, and informs of the prohibition against retaliation or discrimination for participation in an FLSA action. The Supreme Court specifically left the "content details of a proposed notice under § 216(b) … to the broad discretion of the trial court." *Lee v. ABC Carpet & Home*, No. 00 CV 984, 2008 U.S. Dist. LEXIS 38725, at *3–4, 2008 WL 2073932, at *1 (S.D.N.Y. May 9, 2008) (citing *Hoffman-La Roche*, 493 U.S. at 170).

### B. Discovery of Names, Addresses, Positions and Dates of Employment

The plaintiff seeks the production of name, last known mailing address, telephone number, and dates of employment of each putative party plaintiff to facilitate the distribution of notices. The plaintiff therefore requests that, in addition to entering an order granting conditional certification and approving the plaintiffs' proposed notice, the Court order the defendants to produce to the plaintiff, within ten days of the Court's order, a computerized spreadsheet containing the name, last known mailing address, telephone number, and dates of employment of each putative party plaintiff.

### CONCLUSION

For all of the foregoing reasons, the plaintiff requests that this Court: (1) conditionally certify this case as a collective action; (2) order the defendants to produce to the plaintiff a computerized spreadsheet containing the name, last known mailing address, telephone number, and dates of employment of each putative party plaintiff, within ten days of the Court's order; and (3) authorize the mailing of the proposed notice to all putative party plaintiffs and the

posting of the notice in the workplaces of the putative party plaintiffs employed by the defendants.

                                          LAW OFFICE OF JUSTIN A. ZELLER, P.C.

                                          By: _____
                                          Brandon D. Sherr (BS2680)
                                          bsherr@zellerlegal.com
                                          Justin A. Zeller (JZ7094)
                                          jazeller@zellerlegal.com
                                          277 Broadway, Suite 408
                                          New York, N.Y. 10007-2036
                                          Telephone: (212) 229-2249

Dated:  New York, New York         Facsimile: (212) 229-2246
         August 16, 2012               **ATTORNEYS FOR PLAINTIFF**

8